[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ken Simon, Esq. for the Petitioner.
John M. Bailey, Esq. State's Attorney for the State.
MEMORANDUM OF DECISION
BY THE DIVISION CT Page 2537
After jury selection and the start of a trial the petitioner elected to plead guilty to two separate counts. He pled to one count of Possession of Narcotics with intent to sell in violation of Conn. Gen. Stat. 21a-277 and one count of Sale of Narcotics in violation of Conn. Gen. Stat. 21a-277. The sentencing court imposed a sentence of ten years to serve on each count, running them consecutive to each other for a total effective sentence of twenty years to serve.
The record shows that the Hartford Police were conducting surveillance and observed the petitioner conducting sales of narcotics out of an automobile. As they approached the car the petitioner discarded a clear plastic bag containing 81.5 grams of rock like cocaine. When tested the cocaine was very high grade indicating a 91.02 percent purity level. In the second case the petitioner was observed conducting sales of narcotics to pedestrians and vehicles. Once the police moved in the petitioner began to flee and was observed throwing down a tied plastic bag of cocaine.
At the hearing before this division counsel for the petitioner claimed that the drug prosecutor exaggerated the "king-pin" status of the petitioner in the drug trade in Hartford. Admitting that the petitioner had a history of prior crimes counsel felt that the sentence was extremely severe. Counsel argued to the division that this client was an abuser of drugs and himself a casualty of the drug wars. In closing counsel urged this panel to consider a reduction of his sentence to something less severe. The petitioner spoke to the panel indicating that he may possess the indicia of a drug dealer, "gold teeth, gold chains" but he stated "that ain't me."
The state's attorney pointed out the petitioner's extensive record, and that nothing the criminal justice did before seemed to work. He claimed that the community must be protected from people such as the petitioner and that the court CT Page 2538 imposed a reasonable sentence.
In reviewing the PSI it shows that the petitioner was arrested numerous times. The record also shows a person that ignored the law and continued to get arrested for a vast array of serious offenses. In reviewing the remarks of the sentencing court they show that the court felt the petitioner lacked the motivation to remain out of the criminal justice system. The court felt that the petitioner "is not amenable to any type of alternative sentence . . . split sentence or probation." Before pronouncing sentence the court stated "I know of nothing else to protect this community than to remove this gentleman from the community for a long period of time." In its final remarks the court warned the petitioner "You've either got to change your ways or stay in jail and you've not made that decision to date."
Considering the nature of the offenses, the petitioner's proclivity to run afoul of the law, the protection of the public interest and the deterrent, denunciatory purposes of a sentence, the sentence imposed in this case was not inappropriate or disproportionate. It is affirmed.
NORKO, JUDGE
PURTILL, JUDGE
KLACZAK, JUDGE
Norko, J., Klaczak, J., and Purtill, J., participated in this decision.